UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MENDOCINO COAST RECREATIONAL
 AND PARK DISTRICT                                    No. 11-14625

                        Debtor(s).
_____/

Memorandum re Chapter 9 Eligibility
_____

       Debtor Mendocino Coast Recreational and Park District filed its Chapter 9 bankruptcy petition on December 29, 2011. Its principal creditor is Westamerica Bank, which has the rights of a long-term lessor as to the District's regional park property pursuant to its financing of a lease-and-leaseback transaction involving the Municipal Finance Corporation. The Bank objects to entry of an order for relief, arguing that the District does not meet the eligibility requirements for a Chapter 9 debtor.

       The issue before the court is whether the District complied with § 109(c)(5)(B), which provides that in order to be eligible for Chapter 9 a debtor must show that it "has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that [the debtor] intends to impair under a plan in a case under [Chapter 9]."

       On November 17, 2011, counsel for the District sent a lengthy letter to counsel for the Bank. The letter specifically stated that "The District hopes to avoid filing a bankruptcy petition but if it is

1

unable to work out a satisfactory resolution with Westamerica Bank, the District will file a Chapter 9 petition." The letter specifically discussed provisions of the Bankruptcy Code and informed counsel for the Bank that "[T]he District will file a Chapter 9 before January 1, 2012 if it is unable to reach a resolution with the Bank." The Bank declined to respond.

The language of § 109(c)(5)(B) has been recognized as being somewhat "inconclusive." *In re Cottonwood Water and Sanitation Dist.,* 138 B.R. 973, 975 (Bkrtcy. D. Colo. 1992). Some bankruptcy courts, including the court in that case, have concluded that it is not enough for the debtor to have negotiated and failed to obtain the agreement of creditors, but must that the negotiations had to be "concerning the possible terms of a plan to be effected pursuant to section 941 of the Bankruptcy Code." *Id.* at 979. The editors of *Collier* disagree, reciting the history of the provision and concluding that the *Cottonwood* approach is "an overly restrictive view of the requirement of section 109(c)(5)(B), which, in contrast to its predecessor provision under the 1976 Act, does not make reference to negotiations with respect to any specific plan of adjustment." 2 *Collier on Bankruptcy* (16th Ed.), ¶ 109.04[3][e][ii], p. 109-33. The Bank relies on language in *In re City of Vallejo*, 408 B.R. 280, 297 (9th Cir. BAP 2009), supporting the more restrictive view. The District points out that since the Appellate Panel found eligibility for Vallejo on alternative grounds its statements on this issue were *dicta.*[1]

Nonetheless, the District's attempt to negotiate with the Bank met the requirements for eligibility regardless of which interpretation of § 109(c)(5)(B) is applied. A formal, complete plan is

---

[1] Regardless of whether it is bound to do so, this court always follows rulings of the Bankruptcy Appellate Panel. *In re Muskin,* 151 B.R. 252, 255 (Bkrtcy.N.D.Cal. 1993). Technically, the language in *City of Vallejo* regarding § 109(c)(5)(B) may be dicta, in that eligibility was found on other grounds. However, the BAP has adopted the rule of the Circuit that a subsequent panel is bound by the reasoned pronouncement of a prior panel even if it was not necessary to the outcome of the case. *In re Tippett,* 338 B.R. 82, 88 - 89 (9th Cir. BAP 2006). Since the court here finds that the District meets the requirements set forth in *City of Vallejo,* it need not grapple with whether a lower court which considers itself bound by holdings of the BAP is also bound by its dicta, even though litigants may opt for review by the district court.

not required to meet the requirements of the section. *In re New York City Off-Track Betting Corp.,* 427 B.R. 256, 274 (Bkrtcy.S.D.N.Y. 2010). The Appellate Panel stated in *City of Vallejo* that the section "requires negotiations with creditors revolving around a proposed plan, *at least in concept.*" *Id.* (Emphasis added). The letter sent by counsel for the District specifically discussed a Chapter 9 filing and did more than just ask for forbearance or discuss resolution in general terms; it proposed two possible plans in concept.

The letter discussed three specific accommodations the District might make with the Bank. One, a suggestion of forbearance, was a method of avoiding bankruptcy. However, the other two were quite specific:

> 1. The District would transfer the 586-acre regional park site to the Bank in full satisfaction of the lease obligation. The District has a recent appraisal placing the value at $1.8 million.
>
> 2. The Bank would accept $1.1 million in full satisfaction of the lease obligation. The District believes that there may be an entity willing to purchase the property for $1.1 million and the District would direct all of the purchase proceeds, less the costs of sale, to the lease obligation.

Section 901 of the Bankruptcy Code specifies those sections of the Code applicable to other chapters which also apply to Chapter 9. Among them is § 1129(b)(2)(A), dealing with the minimum treatment under a plan which must be afforded to a secured creditor. Without deciding if the Bank has such rights - that is another issue for another day - the letter of the District's counsel clearly assumed so and was suggesting terms consistent with § 1129(b)(2)(A). This was proposal of a plan in concept. The court does not find the failure to specifically reference the provisions of the Bankruptcy Code to be fatal to the District. It is one thing to blind-side a creditor by failing to mention that a Chapter 9 filing is contemplated, and another thing to specifically address the possibility of such a filing and the contemplated treatment of the creditor if a Chapter 9 were to be filed. The latter meets the requirements of § 109(c)(5)(B), even if the contemplated treatment is not formally stated in terms of a plan; the concept is sufficient.

For the foregoing reasons, the objection of the Bank to the filing will be overruled and an order

3

for relief will be entered.  Counsel for the District shall submit a form of order overruling the objection.
The Clerk shall enter an order for relief under Chapter 9 as provided by § 921(d) of the Code.

Dated:  April 22, 2012

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

4